# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

NEZHA MEDMOUN, and all
others similarly situated,

      Plaintiff,

v.                               Case No: 8:21-cv-1585-KKM-CPT

HOME DEPOT U.S.A., INC., a
Delaware corporation, and U.S.
INSTALLATION GROUP, INC.,
a Florida for-profit corporation,

      Defendants.

_____

## ORDER

Nezha Medmoun bought flooring from Home Depot and contracted with it to install that flooring in her home. Home Depot's subcontractor, U.S. Installation Group (USIG), installed some of the flooring but made mistakes in the process. A second installer from Home Depot attempted to fix those mistakes but stopped short when it found moisture under the floor. Medmoun alleges that the flooring materials were unfit for use in Florida and caused, together with USIG's faulty installation, the moisture.

When Home Depot refused to give Medmoun a refund without her signing a release of her claims, she opted to sue Home Depot and USIG. Home Depot and USIG

both move to dismiss Medmoun's Complaint. The Court grants the motions in part, dismissing six of Medmoun's eight Counts.

## I.   BACKGROUND[1]

In September 2019, Medmoun went to Home Depot to purchase flooring materials. (Doc. 1-1 ¶ 13.) She met with salespeople from Home Depot and, upon their advice, purchased nine different flooring products ("Flooring Materials"). (*Id.* ¶¶ 16–17.) When she purchased the Flooring Materials, Medmoun signed a "Home Improvement Agreement" with Home Depot. (Doc. 8-1 at 2.) The Home Improvement Agreement obligated Home Depot or its service provider to "complete the Services in a workmanlike manner and in accordance with applicable law without causing damage to [Medmoun's home]." (*Id.* at 9.) But if Home Depot or its service provider discovered a condition that, "in its sole discretion" Home Depot or its service provider deemed "hazardous or unsafe," it would not start or continue any services. (*Id.*)

Around one month after Medmoun's visit to Home Depot, USIG, an exclusive installer for Home Depot, replaced a portion of the flooring in Medmoun's home with the Flooring Materials. (Doc. 1-1 ¶¶ 18–21.) After the installation, Home Depot sent an inspector to review the installation and he noted that USIG made several mistakes when it replaced the flooring. (*Id.* ¶ 22–23.) A couple of months later, Home Depot sent

---

[1] At this stage, the Court accepts all factual allegations in the Complaint as true and construes them in the light most favorable to Medmoun. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

Medmoun new flooring products as part of "an effort to resolve the issues with USIG's faulty installation." (*Id.* ¶ 27.) A second installer attempted to "redo the job" by installing these new products on January 17, 2020, but stopped when it found a leak under the floor. (*Id.* ¶ 29–30.) The second installer told Medmoun she needed a plumber to fix it. (*Id.* ¶ 30.) As a result of the failed attempts to install the flooring, Medmoun and her family lacked a floor for several weeks. (*Id.* ¶ 32.)

Medmoun admits there was moisture under the floor, but alleges it was Home Depot's fault. Following the second installer's advice, Medmoun had a plumber inspect her home and he did not find any leaks. (*Id.* ¶ 38–39.) Although this plumber found no leaks, Medmoun alleges that there was moisture and that the first installer's mistakes and Home Depot's suggestion that she buy certain Flooring Materials that were not fit for use in Florida caused it. (*Id.* ¶ 39–42.) Medmoun hired a moisture expert who concluded that Home Depot should not have recommended the Flooring Materials because they "cause moisture due to the faulty methods used to install them in the field." (*Id.* ¶ 43.) Medmoun ultimately hired a third party to replace the flooring and there has not been any issue related to moisture or a leak since the replacement. (*Id.* ¶¶ 51–52.)

On January 17, 2020, after the second installer refused to install the flooring, Medmoun's daughter called Home Depot on Medmoun's behalf. (*Id.* ¶ 48.) Through her daughter, Medmoun requested a "full refund of all the materials and the amounts paid for

the faulty installation services." (*Id.* ¶ 50.) Home Depot responded that, because Medmoun decided not to fix the leak under the floor, it chose to terminate the Home Improvement Agreement. (*Id.* at 29.) Home Depot offered a refund, but first required Medmoun release her claims against Home Depot. (*Id.* ¶ 50; *id.* at 29.) She refused.

Instead, Medmoun filed a class action lawsuit in state court against Home Depot and USIG. According to Medmoun, Home Depot treated Florida residents across the State the same way it treated her. (*Id.* ¶ 53.) In her first three Counts, Medmoun alleges that Home Depot violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) and Medmoun is entitled to damages and injunctive and declaratory relief. (*Id.* ¶¶ 95–97, 101–102, 105.) In her fourth and fifth Counts, Medmoun alleges that Home Depot breached its contract with Medmoun and that USIG breached its contract— which it entered into for her benefit—with Home Depot. (*Id.* ¶¶ 111–13, 115–18.) Medmoun's sixth Count alleges that USIG was negligent and breached its duty of care when installing the floors. (*Id.* ¶¶ 120–22.) In the alternative, Medmoun's seventh Count alleges that Home Depot was negligent and breached its duty of care to Medmoun. (*Id.* ¶¶ 124–26.) Finally, Medmoun's eighth Count alleges that Home Depot breached an express warranty that the Flooring Materials were of sufficient quality for Medmoun's purposes and would last for multiple years. (*Id.* ¶¶ 128–29.) Medmoun alleges that she complied with all necessary conditions precedent to bringing the lawsuit. (*Id.* ¶ 62.)

Home Depot timely removed the action to this Court. (Doc. 1.) Medmoun moved to remand and this Court denied the motion, concluding that it had jurisdiction over this class action. (Doc. 21; Doc. 29.) Home Depot moves to stay or dismiss this action and USIG moves to dismiss. (Doc. 8; Doc. 36.) Medmoun responds in opposition. (Doc. 30; Doc. 38.) In the interim, the Court stayed discovery pending resolution of the motions to dismiss. (Doc. 37.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 570). A claim is plausible on its face when a plaintiff "pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## III.   ANALYSIS

Medmoun brings eight Counts, including three FDUTPA claims and a breach of express warranty against Home Depot, one breach of contract claim against Home Depot and one against USIG, and one negligence claim against Home Depot and one against USIG. Because Defendants contend that Medmoun failed to comply with Florida's statutory presuit notice requirements, Home Depot moves to stay and USIG moves to dismiss. Home Depot and USIG both also move to dismiss each Count for failure to state a claim. Medmoun responds to each motion, but she responds to Home Depot's motion only insofar as she argues against a stay of the case. Nonetheless, the Court must still decide whether Medmoun stated a claim upon which relief can be granted. *See Giummo v. Olsen*, 701 F. App'x 922, 924 n.2 (11th Cir. 2017) (per curiam) (citation omitted) (noting that dismissing a complaint solely because a motion to dismiss is technically unopposed would

6

be an abuse of discretion); *Stubbs v. CitiMortgage, Inc.*, 549 F. App'x 885, 887 (11th Cir. 2013) (per curiam) (deciding to grant a motion to dismiss only after assessing its legal merits despite also affirming treatment of motion as unopposed); *accord Poor & Minority Just. Ass'n v. Chief Judge, Tenth Jud. Cir. Ct. of Fla.*, No. 8:19-CV-2889-T-02TGW, 2020 WL 3286140, at *2 (M.D. Fla. Mar. 27, 2020) (Jung, J.).

The Court denies Home Depot's Motion to Stay and grants-in-part and denies-in-part Home Depot and USIG's Motions to Dismiss. Specifically, the Court dismisses Medmoun's breach of contract claim against USIG (Count V) and her FDUTPA, negligence, and breach of express warranty claims against Home Depot (Counts I, II, III, VII, and VIII).

### A. Medmoun Had No Obligation to Comply with § 558.003, Fla. Stat.

Home Depot moves to stay this action under § 558.003, Fla. Stat. until it has been given the opportunity to inspect the construction defects that Medmoun alleges in her Complaint. (Doc. 8 at 22–24.) USIG moves to dismiss because it contends Medmoun failed to give it notice of the construction defect and an opportunity to cure. (Doc. 36 at 11–12.) Medmoun opposes Home Depot's motion, contending that she alleges no construction defect in her Complaint.

Even assuming that Medmoun alleges a construction defect, this action would still not be "an action subject to" Florida's construction defect presuit notice requirements.

§ 558.003, Fla. Stat. A plaintiff who brings a complaint alleging both real property damage and personal injuries need not comply with § 558.003 before bringing a legal action. That section provides that "[i]f a claimant files an *action* alleging a construction defect without first complying with the requirements of this chapter," a court "shall stay the *action* . . . and the *action* may not proceed until the claimant has complied with such requirements." *Id.* (emphasis added).

The statute earlier defines "action" as any "civil action . . . for damages . . . asserting a claim for damage to . . . real or personal property caused by an alleged construction defect." § 558.002(1), Fla. Stat. But that same definition excludes "any civil action . . . asserting a claim for alleged personal injuries arising out of an alleged construction defect." *Id.* And "action" refers to a "judicial proceeding," not the claim asserted in that proceeding. ACTION, BLACK'S LAW DICTIONARY (11th ed. 2019); *see Olympia Mortg. Corp. v. Pugh*, 774 So. 2d 863, 866 (Fla. 4th DCA 2000) (defining, for purposes of a Florida rule of civil procedure, "action" to mean "an 'entire controversy'" but "claim" to "describe[] a 'cause of action'") (quotation omitted); Fla. R. Civ. P. 1.420 (distinguishing an "action" from a "claim"). Thus, the statute first subjects all suits asserting a claim for damages to real or personal property to the requirements of § 558.003 before subtracting from that category actions asserting a claim for alleged personal injuries. Where an action alleges both, the statutory definition appears to exclude that kind of action. § 558.002(1), Fla.

Stat. Neither party provides briefing on how the Court should reconcile the Florida statute and little exists by way of Florida caselaw on the point when a plaintiff alleges two kinds of damages in the same action.

Medmoun alleges that she suffered personal injuries from Defendants' negligence, removing her action from the requirements of 558.003, Fla. Stat. Specifically, she alleges that as a "proximate and direct result" of the assumedly defective construction, she "suffered . . . damage to [her] health." (Doc. 1-1 ¶¶ 122, 126.) This claim renders her action one that "assert[s] a claim for alleged personal injuries arising out of an alleged construction defect" and removes her case from the requirements of § 558.003. § 558.002, Fla. Stat. The Court denies Home Depot's Motion to Stay and USIG's Motion to Dismiss insofar as it argues for dismissal because of Medmoun's failure to give it notice and opportunity to cure.

### B. Motions to Dismiss

Home Depot and USIG cumulatively move to dismiss all claims. The Court agrees with Defendants in part and dismisses Medmoun's FDUTPA, negligence, and breach of warranty claims against Home Depot and her breach of contract claim against USIG. The Court denies Defendants' Motions as to the remainder of Medmoun's claims.

### i. FDUTPA Claims

Medmoun alleges that Home Depot violated FDUTPA by not disclosing to her that the Flooring Materials she purchased were inappropriate for the Florida climate and by requiring her to sign a release agreement to receive a refund. (Doc. 1-1 ¶ 96.) She brings three Counts alleging Home Depot violated FDTUPA, but they each allege the same violation of FDUTPA and differ materially in only the relief they seek. (*Id.* at 17–21 (seeking a declaratory judgment in Count I, injunctive relief in Count II, and damages in Count III).) Home Depot moves to dismiss all three Counts, contending that Medmoun alleges no unfair or deceptive practice. The Court agrees and dismisses Medmoun's FDUTPA claims.

FDUTPA prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204, Fla. Stat. To state a FDUTPA claim, a plaintiff must allege "(1) a deceptive act or unfair practice, (2) causation, and (3) actual damages." *State v. Beach Blvd. Auto., Inc.*, 139 So. 3d 380, 393 (Fla. 1st DCA 2014). A deceptive act is a "representation, omission, or practice that is likely to mislead [a] consumer acting reasonably in the circumstances." *See Alhassid v. Nationstar Mortg. LLC*, 771 F. App'x 965, 969 (11th Cir. 2019) (per curiam) (quotation omitted). "[A]n unfair practice is one which causes substantial injury to a consumer which the consumer could not have reasonably avoided and which is not

outweighed by countervailing benefits to the consumer or to competition." *Angelo v. Parker*, 275 So. 3d 752, 755 (Fla. 1st DCA 2019) (quotation omitted); *see also Porsche Cars N. Am., Inc. v. Diamond*, 140 So. 3d 1090, 1096 (Fla. 3d DCA 2014) (requiring that the unfair practice cause an injury that the consumer "could not reasonably have avoided"). These unfair practices generally "offend[] established public policy" and are "immoral, unethical, oppressive, and unscrupulous or substantially injurious to consumers." *Alhassid*, 771 F. App'x at 969 (citations omitted). A consumer does not act reasonably, and thus cannot show an unfair or deceptive practice, when he relies on alleged misrepresentations that are disclaimed in a contract he signed. *See TRG Night Hawk Ltd. v. Registry Dev. Corp.*, 17 So. 3d 782, 784 (Fla. 2d DCA 2009) (concluding that "a party who signs a contract whose terms contradict the alleged misrepresentations on which he relied is barred 'from seeking relief pursuant to FDUTPA, as he acted unreasonably'" (quotation omitted)). Whether a defendant's conduct is deceptive or unfair is ordinarily a question of fact. *See Suris v. Gilmore Liquidating, Inc.*, 651 So. 2d 1282, 1283 (Fla. 3d DCA 1995).

Medmoun fails to plausibly allege an unfair or deceptive practice. The first practice that Medmoun alleges violates FDUTPA is Home Depot's failure to disclose that the Flooring Materials were unfit for the Florida climate. Home Depot contends that Medmoun's theory is "effectively" that it misrepresented to Medmoun that the Flooring

Materials were fit for use in Florida. (Doc. 8 at 10.) Regardless of whether her theory is best framed as a misrepresentation or as an omission, it cannot succeed here.

Medmoun's FDUPTA claims fail because her contract with Home Depot expressly disclaimed any warranty from Home Depot as to the product's "fitness of purpose." (Doc. 8-1 at 10–11 (emphasis omitted).) Medmoun failed to attach this agreement to her Complaint, but the Court may consider it because it "is central to [her] claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (per curiam). The contract's disclaimer thus gave Medmoun notice that Home Depot was not warranting the Flooring Materials' fitness of purpose. Because a consumer would not act reasonably in relying on any recommendations from Home Depot or representations regarding the "fitness of purpose" that Home Depot's contract contradicts, any potential misrepresentation from Home Depot as to fitness for use in Florida cannot be an unfair or deceptive practice. *See TRG Night Hawk Ltd.*, 17 So. 3d at 784.

Medmoun's claims fare no better if the Court instead construes it as alleging that Home Depot intentionally omitted disclosing that the Flooring Materials are unfit for use in Florida. Presumably—Medmoun does not offer any direct argument—Home Depot's omission is unfair and deceptive because it is "calculated to induce a false belief" that the products are fit for use in Florida. *Johnson v. Davis*, 480 So. 2d 625, 628 (Fla. 1985)

(explaining that the distinction between "concealment and affirmative representations is tenuous"). To be either an unfair or deceptive act under FDUTPA, this omission must either mislead a reasonable consumer into thinking that the products are fit for use in Florida or substantially injure a consumer in a way the consumer could not avoid. *See Alhassid*, 771 F. App'x at 969; *Angelo*, 275 So. 3d at 755.

Because Home Depot expressly disclaimed any guarantee that the Flooring Materials were fit for any purpose in its contract with Medmoun, any intentional omission would not satisfy either of these tests. (Doc. 8-1 at 10 (stating that the customer, Medmoun, "acknowledge[s] and agree[s] that no other warranties are made or given . . . including any warranty for fitness of purpose").) As discussed above, a consumer does not act reasonably in relying on express misrepresentations that are disclaimed by a contract. *See TRG Night Hawk Ltd.*, 17 So. 3d at 784. It follows then that a consumer could not act reasonably by relying on omissions where the omitted representation is expressly disclaimed by the contract. *See Interim Healthcare Inc. v. Health Care@Home, LLC*, No. 17-CV-61378, 2019 WL 1506707, at *12 (S.D. Fla. Mar. 20, 2019) (Bloom, J.) ("The alleged omissions and misrepresentations in this case were made prior to execution of the [contract], in which [the plaintiff] expressly disclaimed reliance on any representations made outside of the agreement."). Thus, Medmoun's allegation that Home

13

Depot intentionally omits to tell its customers that certain goods are unfit for use in Florida fails to state a violation of FDUTPA.

The second unfair and deceptive practice Medmoun alleges is Home Depot's refusal to refund her order unless she released her claims. Medmoun's principal argument is that Home Depot's conditional refund violates FDUTPA because it violates Florida's requirement that retail establishments that "offer[] no cash refund . . . post a sign so stating at the point of sale." § 501.142(1), Fla. Stat. Construing her Complaint liberally—especially necessary here where Medmoun provides no argument in response to Home Depot's motion—Medmoun alleges that Home Depot's practice violates this statute because it does not give her a refund with no strings attached. (Doc. 1-1 ¶¶ 56–57.) Instead, it requires her to release her claims against it to receive a refund. Because the refund has conditions, it is not a "refund" and Home Depot needed to place a "no refund" sign at the point of sale.

But, contrary to Medmoun's allegations, Home Depot complied with the statute. The statute states that where a retailer does not exhibit a "no refund" sign at the point of sale, it means that a "refund or exchange policy exists" and the retailer must provide that policy to the consumer upon request. § 501.142(1). A retailer satisfies its obligations under the statute if it has a refund policy and is ready to provide that to the consumer. *See id.* Home Depot had a refund policy and it provided that policy to Medmoun when she signed

14

the contract. (Doc. 8-1 at 11.) Nothing in the statute requires that refunds must be given without conditions, *see* § 501.142(1), nor does the definition of "refund" either explicitly or implicitly preclude a conditional refund from constituting a "refund," REFUND, WEBSTER'S NEW INTERNATIONAL DICTIONARY (Philip Babcock Gove et al. eds., 3d ed. 1993) (defining refund as "to pour, give or put back" or "to return (money) in restitution, repayment, or balancing of accounts"). Thus, Home Depot did not violate the statute by conditioning its refund of Medmoun's order on her releasing her claims against it. *See* § 501.142.

Lacking a statutory violation, Medmoun's allegation that the policy is unfair fails. Home Depot's agreement with Medmoun gave it discretion over refunds of "[s]pecial order merchandise." (Doc. 8-1 at 10–11 (emphasis omitted).) Medmoun's order constitutes a "special order" because she ordered Flooring Materials by signing a written contract with several pages listing the items she purchased, which cannot plausibly constitute a standard, or a non-"special," order. (Doc. 8-2 at 2–3.) As such, Home Depot had full discretion over how and under what circumstances to issue a refund. And it gave Medmoun notice of this discretion when she signed the agreement. Medmoun fails to allege that Home Depot's return policy was deceptive because it would not mislead a "consumer acting reasonably in the circumstances." *Alhassid*, 771 F. App'x at 969 (quotation omitted). Nor has Medmoun alleged that Home Depot's return policy was an unfair practice—if she did not want to be

subject to Home Depot's discretion, she could "reasonably have avoided this harm" by not signing the contract. *Porsche Cars N. Am., Inc.*, 140 So. 3d at 1096.

Medmoun fails to plausibly alleges an unfair or deceptive act and the Court grants Home Depot's motion to dismiss Medmoun's FDUTPA claims.

### ii. Breach of Contract Claims

Medmoun alleges a breach of contract claim against both Home Depot and USIG. Each defendant moves to dismiss. The Court grants USIG's motion but denies Home Depot's.

A claim for breach of contract requires "(1) a valid contract; (2) a material breach; and (3) damages." *Abbott Lab'ys, Inc. v. Gen. Elec. Cap.*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). When interpreting a contract under Florida law, a court should first look to the language of the contract, as it "is the best evidence of the parties' intent." *See Hurt v. Leatherby Ins. Co.*, 380 So. 2d 432, 433 (Fla. 1980); *White v. Fort Myers Beach Fire Control Dist.*, 302 So. 3d 1064, 1071 (Fla. 2d DCA 2020) (citation omitted); *see also Am. Home Assurance Co. v. Larkin Gen. Hosp., Ltd.*, 593 So. 2d 195, 197 (Fla. 1992) (explaining that the "intent of the parties to the contract should govern the construction of a contract" (citation omitted)). If the terms of a contract "are clear and definite, they must be understood according to their ordinary meaning." *Institutional & Supermarket Equip.,*

*Inc. v. C & S Refrigeration, Inc.*, 609 So. 2d 66, 68 (Fla. 4th DCA 1992) (citation omitted).

### 1. Medmoun Plausibly Alleges a Breach of Contract Claim Against Home Depot

In Count IV, Medmoun alleges that Home Depot breached its contract with Medmoun "by failing to provide proper installation services and by unilaterally terminating the agreement." (Doc. 1-1 ¶ 112.) Home Depot argues that the contract permitted Home Depot to cease performance if it discovered any condition which it deemed, "in its sole discretion[,] to be hazardous or unsafe." (Doc. 8-1 at 9.) But Medmoun's contract with Home Depot allowed such unilateral termination only where the hazard pre-existed Home Depot's work. (*Id.*) Moreover, regardless of Home Depot's authority to cease performance, Medmoun's contract with Home Depot states that Home Depot, or its service provider, will complete the services "without causing damage to [Medmoun's] Home." (*Id.*) Because Medmoun alleges that Home Depot caused the hazard that Home Depot contends justified it ceasing performance, Medmoun plausibly alleges a breach of contract. Discovery will likely reveal which party's contentions are correct, but the allegations suffice at the motion to dismiss stage.

Home Depot also argues—by way of footnote—that Medmoun's failure to attach her contract with Home Depot is "sufficient grounds for dismissal because it does not meet the Rule 8 pleading standard." (Doc. 8 at 20 n.5.) Home Depot cites an unpublished

Eleventh Circuit opinion for support of its bold rule. *See Herssein L. Grp. v. Reed Elsevier, Inc.*, 594 F. App'x 606, 608 (11th Cir. 2015) (per curiam). But unpublished opinions carry only persuasive authority. *See* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent . . . ."). And the Court is not persuaded here, as the unpublished opinion merely cites a Sixth Circuit opinion without explaining its reasoning. *See Herssein L. Grp.*, 594 F. App'x at 608; *see also Fonseca v. Am. Reliable Ins. Co.*, No. 3:21-CV-521-MMH-PDB, 2021 WL 4974250, at *2 n.4 (M.D. Fla. Oct. 26, 2021) (Howard, J.) (declining to follow *Herssein*). Instead, the Court concludes that failing to attach a contract to a complaint can require dismissal, but only if the plaintiff also fails to "allege[] any general or specific provision of any contract that [the defendant] might have breached." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020); *see also Pegasus Aviation IV, Inc. v. Aircraft Composite Techs., Inc.*, No. 1:16-CV-21255-UU, 2016 WL 3390122, at *4 (S.D. Fla. June 17, 2016) (Ungaro, J.) ("[A] [p]laintiff is not required to attach the [relevant] Contract to state a claim."); *TaiDoc Tech. Corp. v. Pharma Supply, Inc.*, No. 13-80682-CIV, 2013 WL 12383787, at *2 (S.D. Fla. Aug. 29, 2013) (Ryskamp, J.) (same); *Yencarelli v. USAA Cas. Ins. Co.*, No. 8:17-CV-2029-T-36AEP, 2017 WL 6559999, at *2 (M.D. Fla. Dec. 22, 2017) (Honeywell, J.) (same).

Here, Medmoun did not attach her contract with Home Depot, but she alleges "general . . . provision[s] of [the] contract that [Home Depot] . . . breached." *Est. of Bass*,

947 F.3d at 1358. Specifically, she alleges that Home Depot violated their agreement "by failing to provide proper installation services and by unilaterally terminating the agreement." (Doc. 1-1 ¶ 112.) And Medmoun specifically alleges how the installation services were improper. (*See, e.g., id.* ¶¶ 22–23, 40 (alleging that Home Depot's inspector "identified multiple mistakes which the original installer . . . had caused through his faulty installation," and that Home Depot's "faulty installation" caused the moisture in Medmoun's home).) Home Depot thus fails to show why the Court should dismiss Medmoun's breach of contract claim against Home Depot.

### 2.  Medmoun Fails to Plausibly Allege a Breach of Contract Against USIG

In Count V, Medmoun alleges that she was the third-party beneficiary of a contract between USIG and Home Depot and that USIG breached that contract. USIG moves to dismiss because Medmoun failed to plausibly allege that Defendants entered into a contract with the specific intent to benefit Medmoun. The Court agrees and dismisses Medmoun's breach of contract claim against USIG.

A third party to a contract who seeks to bring a claim for breach of that contract must establish that the contracting parties intended to "primarily and directly benefit the third party or a class of persons to which that party claims to belong" through their contract. *See Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1030–31 (Fla. 4th DCA 1994). A property owner is generally "not the intended third party beneficiary of

19

a contract between a general contractor and a subcontractor." *Publix Super Mkts., Inc. v. Cheesbro Roofing, Inc.*, 502 So. 2d 484, 488 (Fla. 5th DCA 1987) (per curiam) (citation omitted). "It is not enough that the professional services ultimately rendered accrue to the owner." *City of Tampa v. Thornton-Tomasetti, P.C.*, 646 So. 2d 279, 283 (Fla. 2d DCA 1994).

Medmoun fails to plausibly allege that Home Depot and USIG entered into a contract "primarily and directly" for her benefit. *Caretta Trucking, Inc.*, 647 So. 2d at 1031. Medmoun alleges that USIG entered into written agreements with Home Depot to install flooring for Home Depot's customers, "expressly for the benefit of the [customers]." (Doc. 1-1 ¶ 115.) This allegation merely restates the test for a third-party beneficiary to bring a breach of contract claim, rendering it conclusory. *See Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (per curiam) (reversing a district court which used conclusory allegations, a "formulaic recitation of the elements of a cause of action," to conclude the plaintiff satisfied the legal standard (quotation omitted)); *see also Caretta Trucking, Inc.*, 647 So. 2d at 1030–31 (requiring a plaintiff show that the parties contracted for his benefit in order to bring a breach of contract as a third party).

Next, Medmoun alleges that the services USIG performed for Medmoun "clearly establishes" that she and her proposed class were intended "beneficiaries of the agreement between" Home Depot and USIG. (Doc. 1-1 ¶ 116.) This allegation is "merely consistent

with" Medmoun being an intended beneficiary of Defendants' contract and "stops short of the line between possibility and plausibility." *Iqbal*, 556 U.S. 678 (quotations omitted). Medmoun fails to attach Defendants' alleged contract or reference a single provision in it that would indicate that Defendants entered into the contract with the express purpose of benefiting Medmoun or others who purchase flooring supplies from Home Depot. *See Caretta Trucking, Inc.*, 647 So. 2d at 1030–31. And because contracts between general contractors and subcontractors are not ordinarily for the benefit of the owner under Florida law, Medmoun's bare allegation is implausible. *See Publix Super Mkts., Inc.*, 502 So. 2d at 488; *City of Tampa*, 646 So. 2d at 282–83.

### iii.   Negligence Claims

In Counts VI and VII, Medmoun brings identical negligence claims against Home Depot and USIG. Home Depot and USIG move to dismiss the negligence claims because they are barred by the independent tort doctrine. The Court agrees that Medmoun's claim against Home Depot is barred. But USIG fails to show that the independent tort doctrine applies to Medmoun's negligence claim against it.

"It is a fundamental, long-standing common law principle that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract." *Island Travel & Tours, Co. v. MYR Indep., Inc.*, 300 So. 3d 1236, 1239 (Fla. 3d DCA 2020) (per curiam). This "fundamental" principle is "rooted in the notion that,

when a contract is breached, the parameters of a plaintiff's claim are defined by contract law, rather than by tort law." *Peebles v. Puig*, 223 So. 3d 1065, 1068 (Fla. 3d DCA 2017). A plaintiff bringing both a breach of contract and a tort claim must therefore allege, in addition to the breach of contract, "some other conduct amounting to an independent tort." *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 947 (11th Cir. 2014) (quoting *U.S. Fire Ins. Co. v. ADT Sec. Servs., Inc.*, 134 So. 3d 477 480 (Fla. 2d DCA 2013)).[2] "The true question in any case involving tort liability is, 'Has the defendant committed a breach of duty apart from the contract?'" *Weimar v. Yacht Club Point Ests., Inc.*, 223 So. 2d 100, 103 (Fla. 4th DCA 1969).

Medmoun alleges that USIG and, in the alternative, Home Depot, owed her and her proposed class "a duty to properly install the flooring." (Doc. 1-1 ¶¶ 120, 124.) Medmoun alleges they breached this duty by "[i]nstalling the flooring improperly" and

---

[2] Following the Florida Supreme Court's decision to narrow the scope of the economic loss rule—a rule related to, but distinct from, the independent tort doctrine—there was some initial confusion about whether the independent tort doctrine remained good law. *See Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 3d 399, 407 (Fla. 2013) (narrowing the economic loss rule to products liability cases); *see, e.g., King v. Bencie*, 752 F. App'x 881, 883 (11th Cir. 2018) (per curiam) ("Florida law . . . is still 'somewhat unsettled in this area.'" (quoting *Lamm*, 749 F.3d at 947)). Because multiple Florida district courts of appeal, the Eleventh Circuit, and multiple federal district courts have continued to apply the independent tort doctrine following *Tiara Condo.*, and because Medmoun does not dispute that the doctrine remains good law, the Court applies it here. *See Manor House, LLC v. Citizens Prop. Ins. Corp.*, 277 So. 3d 658, 662 (Fla. 5th DCA 2019) (continuing to use independent tort doctrine), *decision quashed on other grounds*, 313 So. 3d 579 (Fla. 2021); *Un2jc Air 1, LLC v. Whittington*, 324 So. 3d 1, 3 (Fla. 4th DCA 2021) (same); *Island Travel & Tours, Co.*, 300 So. 3d at 1239 (Fla. 3d DCA 2020) (same); *Kelly v. Lee Cnty. RV Sales Co.*, 819 F. App'x 713, 718 (11th Cir. 2020) (per curiam) (same); *Burdick v. Bank of Am., N.A.*, 99 F. Supp. 3d 1372, 1378 (S.D. Fla. 2015) (Cohn, J.) (same); *Martinez v. QBE Specialty Ins. Co.*, No. 8:18-CV-263-T-36AAS, 2018 WL 4354831, at *3 (M.D. Fla. Sept. 12, 2018) (Honeywell, J.) (same).

"[r]efusing to cure the damage to the property that was the result of installing the flooring improperly." (*Id.* ¶¶ 121, 125.) She also purports to allege two other breaches, but those allegations merely state the effects of Defendants' improper installation and refusal to cure. (*Id.* (alleging Defendants "increas[ed] the likelihood that moisture and mold [would] develop" and "caus[ed] physical harm . . . as a result of the toxic mold which resulted").)

Medmoun's negligence claim against Home Depot is not "independent of [her] breach of contract" claim and must be dismissed. *Island Travel & Tours, Co.*, 300 So. 3d at 1239. Medmoun alleges that Home Depot breached its duty of care toward Medmoun in two ways. She alleges Home Depot breached its duty of care to her by "[i]nstalling the flooring improperly" and "[r]efusing to cure the damage to the property that was the result of installing the flooring improperly." (*Id.* ¶¶ 121, 125.) Home Depot's contract with Medmoun required it to "complete the Services in a workmanlike manner . . . without causing damage to [Medmoun's] Home." (Doc. 8-1 at 9.) Home Depot's alleged improper installation would potentially breach the contract's requirement that Home Depot provide services in a "workmanlike manner." (*Id.* at 9.) And Home Depot's alleged failure to cure the damages would potentially breach the contract's requirement that Home Depot provide the services "without causing damage to [Medmoun's] Home." (*Id.*) Because neither of these tort duties are independent of Home Depot's duties under its contract with

Medmoun, she fails to allege negligence "independent of [her] breach of contract" claim against Home Depot. *Island Travel & Tours, Co.*, 300 So. 3d at 1239.

In contrast, USIG fails to show that the independent tort doctrine applies to Medmoun's negligence claim against it. USIG moves for dismissal of Medmoun's negligence claim against it because Medmoun's negligence claim "arises from the same facts as her breach of contract claim." (Doc. 36 at 10.) USIG relies on the independent tort doctrine but fails to show that it applies to a plaintiff who is not a party to the contract allegedly breached. *See Un2jc Air 1, LLC v. Whittington*, 324 So. 3d 1, 3 (Fla. 4th DCA 2021) ("This principle only applies, however, to the parties to the contract."). Because Medmoun fails to plausibly allege either that she is a party to the contract between Home Depot and USIG or that she is an intended beneficiary of that contract, the Court assumes that the independent tort doctrine is inapplicable here.

### iv.  Breach of Express Warranty

In Medmoun's final Count, she alleges that Home Depot breached an express warranty that the Flooring Materials "would remain in good condition for multiple years after" installation and that the Flooring Materials "were fit for the purpose for which" she intended to use them. (Doc. 1-1 ¶¶ 129–130.) Home Depot moves to dismiss, arguing that it disclaimed all warranties not listed in its contract with Medmoun. The Court agrees and dismisses Medmoun's breach of express warranty claim.

Contract disputes are governed by the common law if the contract was for services or the Uniform Commercial Code (UCC) if the contract was for goods. *See Allied Shelving & Equip., Inc. v. Nat'l Deli, LLC*, 154 So. 3d 482, 483 (Fla. 3d DCA 2015). Where a contract is for both goods and services, the governing law is determined by "thrust" or "purpose" of the contract. *Id.* at 484 (quotation omitted). A plaintiff can bring a breach of express warranty under either the common law or the UCC. *See* § 672.313, Fla. Stat. (listing the ways in which a seller of goods can create an express warranty); *Belle Plaza Condo. Ass'n, Inc. v. B.C.E. Dev., Inc.*, 543 So. 2d 239, 240 (Fla. 3d DCA 1989) (per curiam) (discussing a claim for breach of express warranty for a services contract). Whether a plaintiff brings a breach of express warranty claim under the common law or the UCC, the other contracting party can disclaim "any and all express . . . warranties." *Belle Plaza Condo. Ass'n, Inc.*, 543 So. 2d at 240 (affirming dismissal of a claim for breach of express warranty because the defendant "properly disclaimed by a bold and conspicuous disclaimer"); *see* § 672.316(1), Fla. Stat. (permitting exclusion or modification of express warranties in contracts for goods).

Medmoun does not allege whether her contract with Home Depot was for goods or services. (Doc. 1-1 ¶¶ 127–132.) But in this case, the question is immaterial—whether the "thrust" or "purpose" of her entire contract with Home Depot was for the Flooring Materials or their installation, the warranties that Medmoun alleges Home Depot breached

were for the Flooring Materials themselves. (*Id.* ¶ 128 ("Home Depot represented that the flooring materials were of sufficient quality for use in homes . . . ."); *id.* ¶ 129 ("Home Depot and is employees promised and insured that the flooring materials . . . would remain in good condition" after installation); *id.* ¶ 130 (alleging that Home Depot warranted that "the goods were fit for the purpose").) But Home Depot disclaimed these warranties. Although Home Depot warranted for one year that all *services* would be performed "with good workmanship" and "conform to the requirements of the Agreement," it disclaimed all other warranties. (Doc. 8-1 at 10 ("No other warranties are made or given by Home Depot . . ., including any warranty for fitness of purpose . . . or any other oral, express or implied warranties." (emphasis omitted).) Those disclaimed warranties thus encompass Medmoun's allegations that Home Depot breached the "express" warranties of fitness for her intended use and multiple years of good condition.

Because Medmoun cannot state a claim for breach of express warranty when the alleged warranties were disclaimed by the contract, the Court dismisses Medmoun's breach of warranty claim. *See Meeting Makers, Inc. v. Am. Airlines, Inc.*, 513 So. 2d 700, 700–01 (Fla. 3d DCA 1987) (affirming dismissal because the "warranty disclaimers . . . clearly obviate [the defendant's] liability").

### v.  Shotgun Pleading

Finally, USIG moves to dismiss Medmoun's Complaint because it is a shotgun pleading. A shotgun pleading is a complaint that violates either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The rules require a plaintiff to "present his claims discretely and succinctly" so that the defendant "can discern what [the plaintiff] is claiming" and so that a court can determine whether the plaintiff stated a claim upon which relief can be granted. *Id.* (quotation omitted). Medmoun's Complaint is not a shotgun pleading.

USIG contends first that it is unable to "discern the allegations against it" because Medmoun's Complaint "commingles facts and allegations related to both Defendants." (Doc. 36 at 10.) But USIG fails to identify any portions of the Complaint that prevents either it or the Court from separating the allegations against USIG from the allegations against Home Depot.

USIG next contends that every Count re-alleges and incorporates the first eighty-seven paragraphs of Medmoun's Complaint, even though many of those paragraphs are not relevant to every Count. But incorporating all the paragraphs of a background section into every count does not, on its own, render a complaint a shotgun pleading when incorporation does not "materially increase[] the burden of understanding the factual allegations underlying each count." *Weiland*, 792 F.3d at 1324; *see also Alvarez v.*

*Lakeland Area Mass Transit Dist.*, No. 8:19-CV-1044-T-33SPF, 2019 WL 2868943, at *3 (M.D. Fla. July 3, 2019) (Covington, J.) (concluding that incorporating the general factual allegations into each count was not a shotgun pleading). USIG fails to show that Medmoun's Complaint is a shotgun pleading.

## IV.  CONCLUSION

Home Depot moves to stay the case and both Defendants move to dismiss the claims against them. The Court denies the Motion to Stay. As for Defendants' Motions to Dismiss, the Court grants them in part. Accordingly, the following is **ORDERED:**

1.  The Court **DENIES** Home Depot's Motion to Stay this action under § 558.003, Fla. Stat. (Doc. 8.)

2.  The Court **GRANTS-IN-PART** and **DENIES-IN-PART** Home Depot's Motion to Dismiss Medmoun's claims against it, dismissing Medmoun's FDUTPA, negligence, and breach of express warranty claims against Home Depot (Counts I, II, III, VII, and VIII). (Doc. 8.)

3.  The Court **GRANTS-IN-PART** and **DENIES-IN-PART** U.S. Installation Group's Motion to Dismiss Medmoun's claims against it, dismissing Medmoun's breach of contract claim against U.S. Installation Group (Count V). (Doc. 36.)

4.      Defendants must file their answers to the remaining claims no later than **May 20, 2022.**

5.      Consistent with the Court's earlier order, the parties are directed to file an updated Case Management Report within seven days. (Doc. 37.)

**ORDERED** in Tampa, Florida, on May 7, 2022.

Kathryn Kimball Mizelle
United States District Judge

29